Justice White,
with whom Justice O’Connor joins,
dissenting.
The issue in this case is upon which party in an Occupational Safety and Health Administration (OSHA) enforcement action does the burden of proving that a workplace accident was the result of unforeseeable employee misconduct fall. The Court of Appeals for the Sixth Circuit held that the issue of unforeseeable employee misconduct is an affirmative defense: once the Government establishes a prima facie case of an employer’s failure to im *990 plement an effective safety program, then the employer has the burden of proving that the violation was caused by unforeseeable employee misconduct rather than inadequacies in the enforcement of its safety program. Brock v. L. E. Myers Co., High Voltage Div., 818 F. 2d 1270 (1987). In so holding, the court agreed with the position of the Eighth Circuit, Danco Construction Co. v. OSHRC, 586 F. 2d 1243 (1978), but reinforced the already confusing patchwork of conflicting approaches to this issue. In contrast to this position, some Circuits have held that the employer bears the burden of proving that it has implemented workplace safety rules that are effectively enforced, without imposing an initial evidentiary burden on the Government with respect to this defense. H. B. Zachry Co. v. OSHRC, 638 F. 2d 812 (CA5 1981); General Dynamics Corp., Quincy Shipbuilding Div. v. OSHRC, 599 F. 2d 453 (CA1 1979). Other Courts of Appeals place upon the Government the burden of proving that the accident was not the result of unforeseeable employee misconduct. Pennsylvania Power & Light Co. v. OSHRC, 737 F. 2d 350 (CA3 1984); Capital Electric Line Builders of Kansas, Inc. v. Marshall, 678 F. 2d 128 (CA10 1982); Ocean Electric Corp. v. Secretary of Labor, 594 F. 2d 396 (CA4 1979); Brennan v. OSHRC, 511 F. 2d 1139 (CA9 1975). This conflict among the Circuits shows no signs of abating and the issue is central to OSHA’s enforcement efforts; accordingly, I would grant certiorari.